# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| | |
|---|---|
| THOMAS E. OIE,<br><br>    Plaintiff,<br><br>  vs.<br><br>JOHN S. HENSON, SUZY BOYLAN-MOORE, JENNIFER CLARK, and BRIAN SMITH,<br><br>    Defendant. | Cause No.  CV 11-00009-M-DWM-JCL<br><br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

Pending is Plaintiff Thomas E. Oie's Motion to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint (Court Doc. 2).

## I.  Motion to Proceed in Forma Pauperis

Permission to proceed in forma pauperis is discretionary with the Court.  *See* 28 U.S.C. § 1915(a).  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *see also Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th

Cir. 1998) (per curiam) (concluding that the district court did not abuse its discretion by denying in forma pauperis application where plaintiff lacked standing, and complaint was barred by res judicata and judicial immunity); *Fink v. Buena Police Dept.*, 129 F.3d 125 (9th Cir. 1997)(district court did not abuse discretion in denying leave to proceed in forma pauperis where claims were plainly time-barred).

## II.  Statement of the Case

### A.     Parties

Mr. Oie is a prisoner currently incarcerated at Montana State Prison.  He is proceeding without counsel.  The named Defendants are Judge John S. Henson, Missoula County Attorneys Suzy Boylan-Moore and Jennifer Clark; public defender Brian Smith; the State of Montana; and the City of Missoula.

### B.     Factual Background and Allegations

Mr. Oie alleges the Defendants deprived him of his rights to effective assistance of counsel and due process of law guaranteed him by the Sixth and Fourteenth Amendments of the United States Constitution.  He also asserts the Defendants knowingly, purposely, vindictively, and maliciously caused him to suffer sixteen months and sixteen days of illegal incarceration.

According to the December 11, 2007 decision of the Montana Supreme Court, Oie was charged with a fourth or subsequent DUI on July 31, 2000.  He plead guilty and was sentenced to the Department of Corrections for 13 months followed by four years of supervised release.  In 2005, Oie violated various conditions of his probation and on April 26, 2005, the district court revoked the prior sentence and sentenced Oie to four years at MSP with credit for 74 days of time served.  *State v. Oie*, 340 Mont. 205, 174 P.3d 937 (Mont. 2007).

Oie appealed the sentence to the Montana Supreme Court. The Montana Supreme Court held the district court erred in sentencing Oie to serve four years at MSP after revoking his suspended sentence.  The Supreme Court held that pursuant to Mont. Code Ann. § 61-8-731(5) the district court was limited to sentencing Oie to serve only the remaining portion of the suspended sentence.  *Oie*, 174 P.3d 937.

Oie was resentenced on January 23, 2008.

## III.  Analysis

Mr. Oie's claims fail as a matter of law for a number of reasons.  First, Oie seeks monetary relief from defendants who are immune from such relief.  Judge Henson is entitled to judicial immunity for all actions arising from his judicial activities regarding Oie's criminal proceedings.  Judges are absolutely immune

3

from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The issuance of a sentencing order, even if wrong, is within Judge Henon's official duties. For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). Here, there is no question that Judge Henson had subject-matter jurisdiction over Oie's criminal proceedings.

Similarly, the named prosecutors are entitled to absolute prosecutorial immunity. Prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). "Such immunity applies even if it leaves the genuinely wronged [plaintiff] without civil redress against a prosecutor whose malicious or dishonest action

4

deprives him of liberty." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)(en banc).  Acts undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protection of absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).  Even "a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Ashelman*, 793 F.2d at 1078.  Oie's allegations against Defendants Boylan-Moore and Clark arise from their functions associated with the judicial phase of the criminal proceedings and as such they too are entitled to immunity.

Next, Oie seeks to hold his public defender liable for alleged constitutional violations during his criminal proceedings.  A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *Polk County v. Dodson*, 454 U.S. 312, 317-18, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (*quoting United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)).  Attorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function  . . .  for which state office

and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n. 12 (9th Cir. 1992); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under section 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county."). Accordingly, Oie's claims against Brian Smith fail to state a claim upon which section 1983 relief may be granted.

Finally, Oie names the State of Montana which is protected by Eleventh Amendment immunity.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); *see also Ex parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974), *overruled on other grounds, Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

To the extent any of the defendants are not entitled to immunity, this case should also be dismissed for failure to file within the applicable statute of limitations.  Section 1983 does not contain its own limitations period.  *See Elliott v.*

6

*City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).  Rather, the appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here).  In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to § 1983 borrow the general or residual statute for personal injury actions.  *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) citing *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).  In Montana, the statute of limitations for general and personal injury tort actions is three years.  *Mont. Code. Ann.* § 27-2-204(1).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers*, 174 F.3d at 991; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the

7

statute of limitations commences to run, when the wrongful act or omission results in damages.  The cause of action accrues even though the full extent of the injury is not then known or predictable."  *Wallace*, 549 U.S. at 391; *see also Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action .").

Oie's sentence was overturned by the Montana Supreme Court on December 11, 2007.  It was on that date that Mr. Oie knew or should have known of the injury which is the basis of this action.  Consequently, all claims should have been brought to this Court on or before December 11, 2010.  Mr. Oie did not file his Complaint until January 20, 2011.  Thus, his claims are barred by the statute of limitations.

The defects discussed above cannot be cured by the allegation of other facts. Thus, the proposed Complaint is without merit, the motion to proceed in forma pauperis should be denied, and this matter dismissed.

## IV.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a

claim.  28 U.S.C. § 1915(g).  The failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-921, 166 L.Ed.2d 798 (2007). Accordingly, this case will be designated as a strike.

## V.  Address Changes

Mr. Oie must immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Oie has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Oie's Motion to Proceed in Forma Pauperis (Court Doc. 1) should be **DENIED** and this matter **DISMISSED**.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Oie's failure to state a claim and failure to file within the applicable statute of limitations.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Oie may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 24th day of January, 2011.


  /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge