FILED

FEB 25 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| THOMAS E. OIE, | ) | CV 11-09-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN S. HENSON, SUZY BOYLAN-MOORE, JENNIFER CLARK, BRIAN SMITH, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Thomas E. Oie filed a Motion to Proceed in Forma Pauperis, along with a Complaint in this matter on January 20, 2011. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation (dkt #4) in this case on January 24, 2011. Judge Lynch found defects in the Complaint, including–but not limited to–allegations which seek monetary relief from

-1-

defendants who are immune from such relief, failure to state a claim upon which section 1983 relief may be granted, and failure to file within the applicable statute of limitations. Judge Lynch found that these defects cannot be cured by the allegation of other facts, and recommended the motion to proceed in forma pauperis be denied and this matter dismissed. Plaintiff did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Lynch's Findings and Recommendation (dkt #4) and adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Motion to Proceed in Forma Pauperis (dkt #1) is DENIED and the Complaint (dkt #2) is DISMISSED.

The Clerk of Court is directed to close this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g)

based on Oie's failure to state a claim and failure to file within the applicable statute of limitations.

Dated this 25 day of February, 2011.

Donald W. Molloy, District Judge
United States District Court